965 So.2d 1255 (2007)
William Landers CARUTHERS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-4473.
District Court of Appeal of Florida, Fifth District.
October 5, 2007.
James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
As a result of several sentencing errors, we find it necessary to remand for a new sentencing hearing.
*1256 Caruthers was originally charged in case 2006-CF-89 (CF-89) with attempted manufacture of methamphetamine (Count I) and possession of listed chemical (Count II). In case 2006-CF-90 (CF-90) Caruthers was originally charged with sale of methamphetamine. He subsequently entered a plea agreement whereby Count I in CF-89 would be dismissed and the charge in CF-90 would be reduced from sale of methamphetamine to possession of methamphetamine. The plea agreement provided for Caruthers to be sentenced to concurrent three year terms of probation on Count II in CF-89 (possession of listed chemical) and on the reduced charge in CF-90 (possession of methamphetamine). The trial court accepted the plea and sentenced Caruthers in accordance with the plea agreement. Count I in CF-89 (attempted manufacture of methamphetamine) was dismissed.
Caruthers was later charged with violating his probation in both cases. He entered an open plea to the court. The trial court accepted the plea and sentenced Caruthers to five years incarceration on Count I in CF-89 (the previously dismissed charge), fifteen years incarceration on Count II in CF-89 and five years incarceration in CF-90. The trial court pronounced that the sentences on the two counts in CF-89 were to run concurrently with each other but consecutive to the prison term imposed in CF-90.
The trial court erred in sentencing Caruthers on Count I in CF-89 because that count had previously been dismissed. We find Caruthers adequately preserved this issue by suggesting to the trial court that he should only be sentenced on two counts. Accordingly, we remand this case for a new sentencing hearing.
We also note that the written judgments were inconsistent with the court's oral pronouncement in several respects.[1] Upon resentencing Caruthers, the trial judge should ensure that the written judgments correctly reflect his sentencing decisions.
REVERSED and REMANDED for a new sentencing hearing.
GRIFFIN and TORPY JJ., concur.
NOTES
[1] The written judgment in CF-89 reflected that Caruthers had been sentenced to fifteen years incarceration on Count I  not five years as orally pronounced by the court. The written judgment in CF-89 failed to make any reference to the sentence imposed on Count II and incorrectly reflected that the sentence in CF-89 was to run concurrent with the sentence in CF-90. The written judgment in CF-90 correctly reflected the court's oral pronouncements, but incorrectly notated possession of methamphetamine as a second degree felony rather than a third degree felony.